FILED & ENTERED

OCT 16 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoan DEPUTY CLERK

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>MARY DELIA UNVERFERTH,<br><br><br><br>Debtor(s). | Case No.: 2:14-bk-26597-WB<br><br>CHAPTER 13<br><br>**MEMORANDUM RE HARDSHIP DISCHARGE**<br><br>Date:        September 6, 2017<br>Time:       1:30 P.M.<br>Courtroom: 1375 |

Debtor Mary Delia Unverferth ("Debtor") filed her chapter 13 petition on August 28, 2014.  Her plan called for step up payments of $415 in months one (1) through four (4), $1,070 in months five (5) through seven (7), and $1,250 per month for the remainder of the 60 month plan.  The plan provided for payment of Internal Revenue Service and Franchise Tax Board claims.  Under the plan, unsecured creditors would receive approximately 53.5% of allowed claims.  The Court confirmed the plan on November 5, 2014.

Sometime in July 2017, Debtor received from her place of employment a termination letter indicating she was placed on an indefinite layoff effective as of July 3, 2017.

On July 7, 2017, Debtor filed her motion for a hardship discharge ("Motion for Hardship Discharge").  That motion is now before the Court.  The Court heard argument on the motion on

1  September 6, 2017 at 1:30 p.m. and took the matter under submission.  For the reasons set forth

2  below, the Court grants the Motion for Hardship Discharge.

3       The Court may grant a discharge pursuant to 11 U.S.C. § 1328(b) to a debtor who has not

4  completed payments under a plan if the debtor's failure to complete the payments is due to (1)

5  circumstances for which the debtor is not accountable, (2) the unsecured creditors have received

6  as much as they would have in a chapter 7, and (3) the plan cannot be modified.  The granting of

7  a hardship discharge is a matter for exercise of the court's discretion.  *In re Bandilli,* 231 B.R.

8  836, 838 (1st Cir. BAP 1999).  The Court must make its determination on the facts of each

9  individual case.  *In re Perkins,* 381 B.R. 530, 537 (Bankr. S.D. Ill. 2007).  The debtor bears the

10 burden of proof, and must satisfy the court on all three elements of § 1328(b). *In re Spencer,* 301

11 B.R. 730, 733 (B.A.P. 8th Cir. 2003).  In this case, Debtor has met her burden as to all elements

12 of § 1328(b).

13      A request for a hardship discharge must be accompanied by evidence that the debtor's

14 failure to complete her plan is due to "circumstances for which the debtor should not justly be

15 held accountable."  While the circumstances need not be catastrophic, § 1328(b)(1) is generally

16 interpreted as requiring a showing of involuntary adverse circumstances. 8 Collier on

17 Bankruptcy (16th Ed.), ¶ 1328.03[2][a], p. 1328–26.

18      In this case, Debtor's stated reason is that she was laid off on July 3, 2017 due to the loss

19 of funding for her position.  However, at 67 years of age Debtor believes her chances of finding

20 employment that will match her prior compensation is highly unlikely.  This would qualify as an

21 involuntary adverse circumstance beyond mere temporary financial adversity.

22      Further, creditors have received more in this chapter 13 case than they would have

23 received in a hypothetical chapter 7.  According to Debtor's confirmed plan, under chapter 7

24 unsecured creditors would have received 0%.  Unsecured creditors; thus far, have received 36%

25 as Debtor has made plan payments totaling $23,809.20.

26      Lastly, section 1328(b)(3) requires a showing by the debtor that modification of the plan

27 is not practicable.  In this case, Debtor has provided the court with evidence of her new income

28 and circumstances.  Further, even if Debtor were to reduce her payments by amending the plan,

due to Debtor's loss of employment Debtor does not have sufficient disposable income to make even reduced plan payments.

Based on the foregoing, the Court finds that Debtor has met her burden of convincing the Court that she has grounds for seeking a hardship discharge or that modification of her plan is not practicable. Accordingly, Debtor's Motion for Hardship Discharge is granted.

The Court will enter an order consistent with this Memorandum.

###

Date: October 16, 2017

Julia W. Brand
United States Bankruptcy Judge